**Ricky Leon JACKSON, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. A–17802.**

Court of Criminal Appeals of Oklahoma.

April 13, 1973.

**178**

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Ricky Leon Jackson, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County, Case No. CRF–72–197, for the crime of Attempted Robbery With Firearms, After Former Conviction of a Felony. He was sentenced to serve a term of forty-five (45) years in the State Penitentiary in accordance with the verdict of the jury, and a timely appeal has been perfected to this Court.

At the trial, Wayne Adams testified that on January 29, 1972, he was employed by Tom's Market at 36th and North Lincoln in Oklahoma City and that he was working the night shift as a clerk. According to Adams, at about 1:30 a. m. the defendant entered the market, announced that he had a gun in his pocket and ordered Adams to open the cash register. Defendant had his right hand in his coat pocket and his hand was "kind of out a little." Adams refused to give the cash in the register to defendant, whereupon defendant asked if Adams would open the register if defendant showed Adams the gun. Adams then saw two policemen approaching the market. They entered and arrested defendant.

Officer Charles Shelden, of the Oklahoma City Police Department, testified that he and his partner were patroling in a police car and stopped at the intersection of 36th and North Lincoln about 1:30 a. m. on January 29, 1972. Shelden observed defendant inside Tom's Market, facing Adams, with one hand in his pocket. Shelden and his partner drove to the market, stopped and entered the store asking if anything was wrong. According to Shelden, Adams stated that defendant was trying to rob him. The officers arrested defendant and discovered a .22 calibre pistol in defendant's right coat pocket. Defendant's right hand was on the pistol. The pistol contained one live cartridge.

Officer James Jones, Oklahoma City Police Department, who was Shelden's part-

ner, testified in substance to the same event as did Officer Shelden.

O. R. Summers, Oklahoma City Police Officer, testified that on January 29, 1972, at about 8:30 a. m. he interrogated defendant in the City Jail, first warning defendant of his constitutional rights. Summers told defendant that he was being charged with armed robbery and, according to Summers, defendant replied that we "couldn't charge him with armed robbery because he didn't have his gun out yet." Summers also stated that the interior of Tom's Market is clearly visible at night from a car at the intersection of 36th and North Lincoln.

Defendant did not testify in his own behalf, but defendant's father, Otis Jackson, testified that he could not see inside Tom's Market from the intersection of 36th and North Lincoln because of certain window signs and display racks in the market. The previous convictions of defendant were stipulated.

■ The first proposition asserts that the court erred in allowing a statement of confession made by defendant to be introduced into evidence in violation of his State and United States Constitutional Rights, thereby depriving defendant of a fair and impartial trial. We are of the opinion that the trial court did not err in allowing the statement of confession of defendant to be admitted. The testimony elicited that the defendant was given his constitutional rights before the interrogation. These rights were in accordance with those set forth in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Defendant acknowledged that he understood his rights. The transcript discloses that the defendant readily and voluntarily, without any coercion, stated that he would talk with the authorities.

■ Defendant's next proposition asserts that the verdict of the jury is not sustained by sufficient evidence, and that the verdict is excessive and appears to have been given under the influence of passion and prejudice. Where there is a conflict in the testimony, it is the exclusive province of the jury to weigh the evidence and ferret out the truth, and if there is competent evidence to support the jury's findings, the Court of Criminal Appeals will not disturb the verdict on appeal. Enoch v. State, Okl.Cr., 495 P.2d 411 (1972). Furthermore, under the evidence we cannot say that the sentence impressed was so excessive as to shock the conscience of the Court.

In conclusion we observe that the Record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

BLISS, P. J., and BUSSEY, J., concur.