Ellis Lindeberg **BARNETT**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–74–193.

Court of Criminal Appeals of Oklahoma.

April 10, 1974.

Don Anderson, Public Defender, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Ellis Lindeberg Barnett, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–73–1873, of the crime of Robbery with Firearms After Former Conviction of a Felony in violation of the provisions of 21 O.S.1971, § 801 and in accordance with the provisions of 21 O.S.1971, § 51, he was sentenced to serve a term of forty-five (45) years in the state penitentiary in accordance with the verdict of the jury and a timely appeal has been perfected to this Court.

At defendant's trial, Linda Ann Benson testified that on July 9, 1973, she was employed as night auditor at the Hilton Inn West in Oklahoma City. About 1:50 a. m. two black men came in, threatened her with a gun and demanded the money in the cash drawer. She removed the cash drawer and put it on the counter. Each of the men removed some of the bills and rolled coins from the cash drawer to the coin box. They then ordered Linda and the switchboard operator to lie on, the floor. Thereafter, they left the premises. At the trial of the case, Linda identified defendant in court as one of those men and testified that the other man had held the gun. She identified State's exhibit No. 3 as the same coin box that the two men had taken from the premises on the night of the robbery. Her testimony was followed by that of Dixie Ruth Folzenlogen, who was the switchboard operator on duty on the night in question. Her account of the events of

that night did not differ materially from that of Ms. Benson's. She also identified the defendant as one of the men who had committed the robbery and in addition identified State's exhibit No. 1 as the gun which the two men had in their possession. She further identified State's exhibit No. 3 as the coin box that had been taken at the time of the robbery. Chester Longacre of the Bethany Police Department testified that he had received a broadcast description of two black males in connection with the report of a robbery. At about 2:00 a. m. on July 9, 1973, he was at Rockwell on the Thirty-Ninth Expressway when he observed a car with four black occupants, one of whom fitted the description he had received. He stopped that car and backup officers were called. The defendant was one of the occupants of that car. Joe Resneder, also of the Bethany Police Department, testified that he was one of the backup officers who arrived just as the men were dismounting from the car. He found the pistol (State's exhibit No. 1) on the floorboard of the car and a money box containing bills and rolls of coins under the front seat of that car (State's exhibit No. 3). Ogden Cantrell of the Bethany Police Department then testified that he also was one of the backup officers that morning. He testified that he read defendant the warning of his Miranda rights. Officer Summers of the Oklahoma City Police Department testified that on July 9, 1973, about 8:00 a. m., he also gave defendant the warning of Miranda rights and then asked the defendant about the Hilton Inn Hotel robbery. To the officers inquiry, the defendant replied: "There is nothing to talk about. I robbed it and got caught." The defendant did not testify nor offer any evidence in his behalf. The previous conviction was stipulated.

The instant appeal raises two questions: First, whether the evidence was sufficient to support the verdict of the jury and second, whether, under the facts and circumstances of this case, the punishment imposed was excessive.

We have read the transcript of the proceedings at defendant's trial and are convinced that the verdict of defendant's guilt is supported by the overwhelming weight of the evidence. We have frequently stated that the question of whether punishment is excessive must be determined by a study of all the facts and circumstances in the individual case, and that this Court lacks the power to modify a sentence unless we can conscientiously say that under all the facts and circumstances the sentence is so excessive as to shock the conscience of the Court. See Green v. State, Okl.Cr., 501 P.2d 219 (1972). Defendant's sentence to the state penitentiary for a term of forty-five (45) years does not exceed that provided by statute for the crime of Robbery with Firearms After Former Conviction of a Felony and nothing appears in the record from which we can reasonably conclude that such sentence was assessed in this case as the result of undue prejudice or passion created in the minds of the jurors by improper conduct of the trial. We are unable to conscientiously find upon the record of this appeal that defendant's sentence must be modified as excessive.

Accordingly, the judgment and sentence appealed from is hereby affirmed.

BLISS, P. J., and BUSSEY, J., concur.