Robert Allen HOLBERT, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–81–472.

Court of Criminal Appeals of Oklahoma.

June 1, 1983.

Kenneth C. Watson, Asst. Public Defender, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen. of Oklahoma, Jimmy D. Givens, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge:

Appellant, Robert Allen Holbert, was convicted of First Degree Rape and First Degree Burglary, in Oklahoma County District Court, Case No. CRF–80–1985, was sentenced to fifteen (15) years and seven (7) years' imprisonment, respectively, with sentences to run concurrently, and he appeals.

At around nine-thirty on the morning of May 14, 1980, the victim was sitting in her bedroom when the appellant broke into her duplex and, wielding one of the victim's kitchen knives, raped her.

A woman who lived in the adjoining residence heard the victim's screams and called the police. Based on a description furnished by the victim, the police soon arrest-

ed the appellant in the backyard of a nearby house. The victim was later able to identify the appellant from a photo display as well as a physical lineup. Examination of the victim by a doctor indicated that intercourse had occurred.

█ In his first assignment of error, the appellant argues that denial of his motion in limine effectively denied him of the right to take the stand. In his motion in limine the appellant requested the trial court to exclude the use of a recent rape conviction for impeachment purposes. We have previously addressed this issue. By failing to take the stand and actually contest the trial court's decision, the appellant has precluded this issue from being brought before this Court. *Nealy v. State,* 636 P.2d 378 (Okl. Cr.1981).

█ In his second assignment of error, the appellant argues that the victim's identification of him should have been suppressed. After reviewing the photographs used as well as a photograph of the lineup we do not find them to be impermissibly suggestive. The contention that the victim did not see enough of the assailant to identify him is without merit. The description used to arrest the appellant was specific and matched him. Furthermore, the victim was very positive about her subsequent identification of Holbert. See, *Lee v. State,* 600 P.2d 344 (Okl.Cr.1979).

█ In his third assignment of error, the appellant asserts that the jury should have been given a cautionary instruction concerning the victim's identification of him. It is our opinion that a cautionary instruction was not warranted. The victim had opportunity to observe the assailant's eyes and a scar near his mouth even though his face was partially covered. Furthermore, the victim was positive, consistent and unshakable in her identification. See, *Hall v. State,* 565 P.2d 57 (Okl.Cr.1977).

█ In his fourth assignment of error, the appellant asserts that the trial court erred when it refused to give the following requested instruction:

You are instructed under the laws of the State of Oklahoma that the burden of proof is on the State to prove beyond a reasonable doubt that the defendant committed these crimes. The defendant is under no duty to prove anything and he may put on no evidence and if that presumption of innocence is not overcome by proof beyond a reasonable doubt of his guilt, your verdict must be one of not guilty.

Appellant argues that his requested instruction constituted a request for a "no adverse inference" jury instruction as contemplated by *Carter v. Kentucky,* 450 U.S. 288, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981). We do not agree. Appellant's requested instruction did not constitute a request that the jury be instructed that they were not to draw any adverse inferences from appellant's decision to remain silent. Since the trial court gave, in substance, the requested instruction, we find this assignment of error to be without merit.

█ Appellant argues in his fifth assignment of error that it violates due process of law for the jury to determine both his guilt and sentence in a one stage trial. However, the appellant's failure to include this issue in his motion for new trial and petition in error has precluded further consideration of the matter. *Chronister v. State,* 538 P.2d 215 (Okl.Cr.1975).

For the reasons herein stated, the judgments and sentences appealed from should be, and the same are hereby AFFIRMED.

CORNISH and BRETT, JJ., concur.