**Jerry Bruce SHERMAN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–83–246.**

Court of Criminal Appeals of Oklahoma.

Jan. 24, 1984.

Thomas W. Burns, Mook & Burns, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Thomas L. Spencer, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Jerry Bruce Sherman, the appellant, was convicted in the District Court of Pittsburg County, Case No. CRF–82–197, of Shooting with Intent to Kill, and was sentenced to life imprisonment. He now appeals, asserting as his sole assignment of error that his in-court identification by the victim as the crime's perpetrator should have been suppressed.

The evidence presented at the trial by the State was as follows: Shortly after 7:00 a.m., on July 10, 1982, Trooper Norman Kious, an Oklahoma Highway Patrolman with twenty-five years of service, was patrolling the Indian Nation Turnpike. As he drove north from the McAlester toll gate, he observed a car driving south which his radar clocked travelling at a speed of ninety-six miles per hour.

Trooper Kious crossed the center median and pursued the vehicle, stopping it some fifty yards from the toll gate. The appellant exited his vehicle and sat in the patrol car while Trooper Kious, over a period of fifteen to twenty minutes, ran computer checks on the appellant's driver's license and automobile license tag.

After ascertaining that there were no outstanding warrants on the appellant, Trooper Kious explained the bail bond procedure. The appellant stated that he did not have sufficient cash to post the bond, nor did he wish to give the officer his driver's license as security. Instead, the appellant requested that he be allowed to retrieve his checkbook from the trunk of his car, and post the bond by his personal check.

Leaving both the ticket book and the appellant's driver's license in the patrol car, Trooper Kious accompanied the appellant to his car. After opening the trunk, the appellant stated that the checkbook was not there. Before the appellant could close the trunk, however, Trooper Kious observed a .357 magnum revolver. He picked up and unloaded the pistol, intending to return to his patrol car and run a computer check on the weapon.

The appellant then grabbed the officer's unsecured service revolver from the holster. Trooper Kious attempted to escape by running across the turnpike; before he reached the center median, he was shot three times by the appellant. After the appellant had left the scene, Trooper Kious returned to his patrol car and notified patrol headquarters that he had been wounded, and that his assailant was the appellant. The appellant was subsequently apprehended in Chambers.

The appellant complains that his out-of-court identification by Trooper Kious was unnecessarily suggestive because it was based upon the photograph contained upon the driver's license left by the appellant in the patrol car, and by newspaper photographs of the appellant taken subsequent to the arrest.

Even if this Court were to find the confrontation procedure unnecessarily suggestive, it does not follow that the identification should be excluded. In *McDaniel v. State*, 576 P.2d 307 (Okl.Cr.1978), this Court embraced the holding in *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). *Neil* held that the admissibility of identifications depends upon their relia-

bility under the totality of circumstances. Further, in *Lee v. State*, 600 P.2d 344 (Okl. Cr.1979), this Court adhered to the guidelines of *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *Manson* held that reliability of identification is the single determinative quality of admissibility. In, *Lee*, supra, we enumerated the factors to be weighed in assessing reliability:

> (1) the witness' opportunity to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated at the confrontation; and (5) the length of time between the crime and the confrontation.

Applying the above factors to the facts of the instant case, we find that Trooper Kious's in-court identification has an independent basis of reliability. It is uncontraverted that the witness was with the appellant for approximately fifteen minutes in broad daylight, and that the witness was a trained police officer with over twenty-five years of experience. Moreover, Trooper Kious's description of the appellant was accurate and his subsequent in-court identification of the appellant was both certain and unequivocal. This assignment of error is therefore without merit.

Accordingly, the judgment and sentence appealed from is AFFIRMED.

CORNISH and BRETT, JJ., concur.